UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Harvey Short
118 E. Market St., #2
Wabash, IN 46992

and

Stephanie Short
118 E. Market St., #2
Wabash, IN 46992

      Plaintiffs,

v.

GC Services Limited Partnership
c/o Robert Gross, Registered Agent
6330 Gulfton
Houston, TX 77081

      Defendant.

Case No.

Judge: 3:08CV 355

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Harvey Short ("Harvey") is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Plaintiff Stephanie Short ("Stephanie") is Harvey's lawful spouse.

4. Defendant is a corporation doing business primarily as a consumer debt collector.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

1

6. The Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

7. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

8. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

9. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

10. On or around May 1, 2008, Defendant telephoned Harvey's grandmother ("Grandmother").

11. During the communication referenced in Paragraph 10, Grandmother told Defendant that Plaintiffs did not live with her.

12. During the communication referenced in Paragraph 10, Defendant disclosed the existence of the debt and the nature of Defendant's communication.

13. After the communication referenced in Paragraph 10, Defendant telephoned Grandmother several more times.

14. On or around June 4, 2008, Defendant telephoned Plaintiffs and spoke with Stephanie.

15. During the communication referenced in Paragraph 14, Defendant engaged in obscene and abusive language.

16. During the communication referenced in Paragraph 14, Defendant threatened to garnish Harvey's wages.

17. During the communication referenced in Paragraph 14, Defendant represented to Stephanie that Plaintiffs would go to jail unless Plaintiffs paid the debt.

18. On or around June 14, 2008, Defendant telephone Plaintiff and spoke with Stephanie.

19. During the communication referenced in Paragraph 18, Defendant threatened to garnish Harvey's wages.

20. During the communication referenced in Paragraph 18, Defendant represented to Stephanie that Plaintiffs would go to jail unless Plaintiffs paid the debt.

21. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

33. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

35. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiffs.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

37. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiffs.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

39. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

40. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiffs.

41. Defendant intentionally caused harm to the Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

42. Plaintiffs have a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

43. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

44. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

45. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

46. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN

By: _____
Richard J. Meier
Jeffrey s. Hyslip
Sears Tower
233 South Wacker Drive
Suite 5150
Chicago, IL 60606
Tel: 866.339.1156
Fax: 312.822.1064
rjm@legalheleprs.com
jsh@legalhelpers.com
*Attorneys for Plaintiffs*